UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOREN ALLEN COPP, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:22-CV-40 AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented movant Loren Allen Copp's "motion to proceed *in forma pauperis*, file an amended 2255, obtain assistance of counsel, compel Rosenblum Law Firm to send all remaining files, [and] receive equitable tolling." ECF No. 2. Plaintiff has also filed a "motion to receive standby counsel." ECF No. 4. For the following reasons, movant's motions will be denied.

**Motion to Proceed *in forma pauperis***

On January 11, 2022, movant initiated this action by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. Because there is no filing fee for a § 2255 motion, movant need not be granted *in forma pauperis* status in order to maintain this action. *See* Rule 3, Advisory Committee Notes of the Rules Governing Section 2255 Proceedings ("There is no filing fee required of a movant under these rules . . . [t]his is . . . done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack"). Therefore, movant's motion for leave to proceed *in forma pauperis* will be denied as moot.

**Request for Appointment of Counsel**

There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that

it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *See Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981). A court may appoint counsel for a self-represented litigant when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

After reviewing these factors, the Court finds the appointment of counsel is not warranted at this time. Movant has demonstrated he can adequately present his claims to the Court by filing his § 2255 motion on a Court-provided form with three distinct grounds. Additionally, at this point, neither the factual nor legal issues in this case appear to be especially complex. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery are present in every self-represented prisoner action and such difficulties do not require the appointment of counsel. *See e.g.*, *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance.").

As such, the Court will deny the motions to appoint counsel and to receive standby counsel at this time. The Court will entertain a future motion for appointment of counsel as the case progresses, if appropriate.

**Request to Compel Files from Former Defense Counsel**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)). Rule 6(a) of the Rules Governing Section 2255 Cases in the United States District Courts states that "[a] judge may, for good cause authorize a party to conduct discovery under the Federal Rules of . . . Civil Procedure." Rule 6(a). A party requesting discovery must file a motion seeking leave to conduct discovery, which includes the reasons for the request; attach a copy of the proposed discovery requests; and specify any requested documents. Rule 6(b).

In the instant motion, movant asserts he "has sent many request[s] to Nathan Swanson of Rosenblum Law Firm, asking that he sends all of the legal files" but "[t]o date, [he] has only rec[ei]ved some of the files." ECF No. 2 at 3. Movant states he "has not received any of the CD files, copy of motions sent or received, [and] no search warrants." Movant claims he "needs these files to prepare his 2255." Movant has not, however, specified the specific documents he seeks as required by Rule 6(b). "CD files" and copies "of motions sent or received" are not the type of requests that comply with Rule 6(b). Movant has also not shown good cause why these underlying materials are necessary for this § 2255 proceeding as required by Rule 6(a). For these reasons, movant's motion to compel materials from his former attorney in the underlying criminal case will be denied.

**Request for Equitable Tolling**

Movant asserts that "[b]ecause of the length of time it has taken to obtain items needed, and the perceived lengthy [sic] time to obtain the rest of . . . [the] evidence," he requests "the Court grant him equitable tolling for time it takes to receive such items." ECF No. 2 at 4. This request will be denied because the doctrine of equitable tolling does not apply here. "[E]quitable tolling is

3

appropriate where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). Here, movant's instant motion to vacate has been timely filed.

On December 27, 2019, this Court entered judgment and sentenced movant to 780 months' imprisonment. *United States v. Copp*, Case No. 4:16-CR-159-AGF, ECF No. 302. Movant appealed his conviction and, on June 11, 2021, the Eighth Circuit affirmed the conviction. *See United States v. Copp*, 1 F.4th 573 (8th Cir. 2021). The one-year limitation period for filing a § 2255 motion to vacate begins to run on the date on which the judgment challenged becomes final. 28 U.S.C. § 2255(f)(1). If a movant has filed a direct appeal and does not seek certiorari, his judgment becomes final ninety days after the Court of Appeals issues its ruling, when the time for filing a petition for writ of certiorari to the Supreme Court has passed. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) ("[T]he federal judgment becomes final [for] a petitioner [who] does not seek certiorari, when the time for filing a certiorari petition expires.") (citing *Clay v. United States*, 537 U.S.C. 522, 527-29 (2003) (rejecting the argument that, if a petitioner declines to seek certiorari, the limitations period "starts to run on the date the court of appeals issues its mandate")).

Because movant did not seek certiorari, his judgment became final on September 9, 2021, and had one year therefrom to file a § 2255 motion. On January 11, 2022, movant filed the instant 'Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.' ECF No. 1. Movant's § 2255 motion is timely. Thus, movant's request for equitable tolling must be denied.

### Request to File Amended Motion to Vacate

Finally, movant requests leave to amend his motion to vacate "with case law" and "supportive evidence" because he has "only had a small portion of his documents, transcripts, and

4

evidence he needs to fill out a complete 2255." This motion will be denied as moot because he is permitted to amend once as a matter of course without seeking leave from the Court.

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure, *see, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir.), *cert. denied*, 540 U.S. 1018 (2003), including Rule 15 regarding amendments. Rule 15(a)(1) permits that a "party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" If the amendment is not filed as a matter of course within the meaning of Rule 15(a)(1), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, the instant motion to vacate has not been served upon respondent, and twenty-one days has not passed since a responsive pleading is due. Consequently, movant's motion to amend his § 2255 motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed *in forma pauperis* and request to file an amended motion [ECF No. 2] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that movant's requests for appointment of counsel, to compel Rosenblum Law Firm to send files pertaining to his underlying criminal case, and to receive equitable tolling [ECF No. 2] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that movant's motion to receive standby counsel [ECF No. 4] is **DENIED** without prejudice.

Dated this 23rd day of May, 2022.

                                                _____
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE